UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

In re:                                                      Case No.: 17-12147-7

SHAWN M. GEE,

           Debtor.

---

H&M ELECTRIC, INC., and
MDA PLUMBING AND HEATING, LLC,

           Plaintiffs,
   v.                                                        Adversary No.: 17-75

SHAWN M. GEE,

           Defendant.

---

## **DECISION**

Plaintiffs H&M Electric, Inc. and MDA Plumbing and Heating, LLC (individually "H&M" or "MDA" and collectively as "Plaintiffs") moved for summary judgment on their 11 U.S.C. § 523(a)(2)(A), (a)(4), and (a)(6) claims. Defendant Shawn M. Gee ("Gee") opposed the motion.

Gee worked as a general contractor and was the owner and officer of Creative Construction of Portage, Inc. Gee contracted with Gary and Kristine Schluter to perform work on their home in Pardeeville, Wisconsin. Gee then contracted with H&M for electrical materials and subcontracting work on the Schluter home. The following day, Gee and MDA Plumbing executed a similar contract for MDA to provide plumbing materials and services.

The Schluters deposited money into an escrow fund with Columbia County Title Company to finance the construction of the home. Gee made three

draw requests from the escrow fund. The draw requests included $6,000 for "ground plumbing," $8,000 for "1/2 down electrical," and $6,000 for "electric bill to date." The parties agree H&M and MDA provided all the electrical and plumbing materials and services on the home. They also agree that Plaintiffs were not paid in full by Gee.

Plaintiffs filed a suit in Columbia County for Gee's alleged theft by contractor, unjust enrichment, account stated, quantum meruit, and breach of contract. At the time the Complaint and Amended Complaint were filed, Gee had paid MDA $6,500 and H&M $14,000. Gee did not file an Answer and the court entered a default judgment against him for breach of contract.

The court then set a hearing on damages. Following an evidentiary hearing on damages, the state court awarded damages of $8,807.07 to H&M. It also awarded H&M exemplary damages in the amount of $23,975. Damages of $14,413.40 were awarded to MDA together with exemplary damages of $39,768. The Judgment does not contain findings of fact or conclusions of law. The Judgment also specifically references the breach of contract claims. The Amended Judgment containing the exemplary damage awards makes no reference to the basis other than that a hearing was held, evidence was presented, and argument was made.

> The transcript from the damages hearing says:
>
> The evidence is clear, satisfactory, and convincing that Mr. Shawn Gee of Creative Construction Company in fact received payment for the work done by H&M and MDA and deposited the money to himself. He did not pay the subs.
>
> It appears there is a continuing pattern of conduct to hide assets.

> I think this is a clear case where there has been theft by contractor
> . . . .

## DISCUSSION

*1. Standard for Summary Judgment*

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (applied through Fed. R. Bankr. P. 7056). The Court must view all facts and indulge all inferences in the light most favorable to the Defendant and determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242-43 (1986).

As a procedural matter, on summary judgment "the burden is on the moving party to establish that there is no genuine issue about any material fact, or that there is an absence of evidence to support the nonmoving party's case, and that the moving party is entitled to judgment as a matter of law." 20 Charles Alan Wright, Arthur R. Miller & Edward Cooper, *Federal Practice and Procedure* § 105 (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

The nonmoving party must present evidence to show there is a genuine issue for trial. The nonmoving party may oppose the motion by "any of the kinds of evidentiary materials listed in Rule 56(c), except for the mere pleadings themselves." *Id.* "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

*2. Binding Effect of State Court Judgment*

The *Rooker-Feldman* doctrine prevents the federal district courts from entertaining actions brought by "state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (*quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). When applicable, it prohibits the district court from exercising appellate jurisdiction over final state-court judgments. *Dennis*, 546 U.S. at 463.

*Rooker-Feldman* precludes the parties and this Court from re-litigating state court judgments on the basis of alleged errors or mistakes. Even "[i]f the [state-court] decision was wrong, that [does] not make the judgment void, but merely [leaves] it open to reversal or modification in an appropriate and timely appellate proceeding." *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

In this case, the state court found that Gee received money from the escrow fund and deposited it to himself. It further found that he did not pay the Plaintiffs in full. The unpaid amounts plus costs and prejudgment interest due MDA was $14,413.40 and due H&M was $8,806.87. The state court also awarded exemplary damages. This Court is bound by the narrow factual findings.

*3. Section 523(a)(2)(A)*

Under 11 U.S.C. § 523(a)(2)(A), a discharge in bankruptcy does not exempt a debtor from debt arising from false pretenses, a false representation, or actual fraud. A finding of nondischargeability for false pretenses or false

4

representation requires that the creditor establish the debtor made a knowingly "false representation of fact . . . with an intent to deceive" and "upon which the creditor justifiably relied." *Zamora v. Jacobs (In re Jacobs),* 448 B.R. 453, 471 (Bankr. N.D. Ill. 2011).

Scienter is a required element of any cause of action under section 523(a)(2)(A). *Id.* at 472. For purposes of false pretenses or actual fraud, "intent to deceive is measured by the debtor's subjective intention at the time the representation was made." *Id.* Thus, to prevail on their Motion for Summary Judgment, the Plaintiffs must produce evidence to show there is no genuine dispute of fact over each of the elements of a section 523(a)(2)(A) claim, including whether Gee possessed the requisite intent under that section.

Plaintiffs assert this Court is bound by the state court's judgment and findings. That may be true, but the state court did not make findings of fact on Gee's intent, nor did it identify any false representation of fact. While this Court must give preclusive effect to state court judgments, it is not bound under section 523 when the state court did not make findings that satisfy all the elements for nondischargeability.

Plaintiffs have failed to meet their burden on summary judgment under this section because they did not identify a false representation made with the requisite intent. Theft by contractor does not require an intentionally false statement. *See* Wis. Stat. § 779.02(5). While Gee may have promised to pay Plaintiffs and those promises may ultimately have been untrue, Plaintiffs have

5

not produced evidence that would show he intended to break any promises at the time the contracts were signed.

Plaintiffs also suggest Gee's withdrawals from the escrow fund constitute false statements. But, again, Plaintiffs have not produced evidence that would show he intentionally made a deceptive statement at the time he withdrew the money, nor that representations, if any, were made upon which Plaintiffs relied.

*4. Section 523(a)(4)*

Section 523(a)(4) excludes from discharge a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." The scope of the term "fiduciary" is a narrowly-defined question of federal law, "meaning that the applicable nonbankruptcy law that creates a fiduciary relationship must clearly outline the fiduciary duties and identify the trust property." 4 *Collier on Bankruptcy* ¶ 523.10[1][d] (16th ed.).

Wisconsin's theft-by-contractor statute provides in relevant part:

> [A]ll moneys paid to any prime contractor ... by any owner for improvements, constitute a trust fund only in the hands of the prime contractor ... to the amount of all claims due or to become due or owing from the prime contractor or subcontractor for labor, services, materials, plans, and specifications used for the improvements.

Wis. Stat. § 779.02(5). This Court has interpreted that language to create "an 'express trust' within the scope of § 523(a)(4)." *Midwest Prop. Mgmt. v. Polus (In re Polus)*, 455 B.R. 705, 708 (Bankr. W.D. Wis. 2011). As a contractor and recipient of funds intended for construction costs, Gee was a fiduciary of a trust.

6

Still, this Court must examine whether Gee had the requisite intent. Theft by contractor under Wisconsin law is strict liability and does not require a finding on Debtor's intent. *Theft by contractor*, 12 *Wis. Practice Series, Wis. Collection Law* § 20:28 (2d ed.). A finding by this Court under section 532(a)(4), however, *would* require an examination of Gee's intent. *Hellenbrand Glass, LLC v. Pulvermacher (In re Pulvermacher)*, 567 B.R. 881, 889 (Bankr. W.D. Wis. 2017) (agreeing with predecessor rulings which held "at a minimum the lack of care exercised in handling trust funds under section 779.02(5) equates to something more than mere negligence akin to recklessness").

The state court found that Gee received payment for the work done and he deposited the money to himself without paying H&M or MDA in full. But that does not necessarily mean Gee committed fraud or defalcation. The parties filed draw requests signed by Gee that itemize expenses on the home. The itemizations list several draws related to plumbing and electrical work, including "ground plumbing" for $6,000, "electric bill to date" for $6,000, and "1/2 down electrical" for $8,000. H&M invoiced a total for the entire job of $21,991.87 and MDA invoiced $19,756. Some of those invoices were dated after the draws. As of May 14, 2007, the balances due to H&M and MDA were respectively $7,991.87 and $13,256. It is evident Gee paid H&M $14,000—a sum identical to the draws listed for electric. It is also evident he paid MDA $6,500—or $500 more than the draw listed for plumbing.

Plaintiffs have not established Gee committed fraud or defalcation. Plaintiffs have shown Gee withdrew funds from the escrow fund and eventually

7

paid them in amounts equal to or greater than the amounts listed for plumbing or electrical in the draw requests. The findings by the state court only establish that Gee did not pay Plaintiffs the full contract amount. There remains the question of whether Gee intentionally withdrew funds to pay for plumbing or electrical, and then diverted them elsewhere. From the record to date, it appears Gee *did* contribute the plumbing and electrical draws to Plaintiffs' costs, albeit after first depositing the funds to his own account. Plaintiffs have failed to meet their burden on summary judgment. The mere fact that there remained an outstanding balance on the debt does not by itself establish Gee committed fraud or defalcation.

  5. *Section 523(a)(6)*

Section 523(a)(6) provides a debt is nondischargeable if it was incurred through willful and malicious injury by the debtor. To show willful and malicious injury, Plaintiffs must show: (1) Defendant acted willfully, (2) Defendant acted maliciously, and (3) Defendant's willful and malicious actions caused injury to the Plaintiffs' property. *Owens v. Powell* (*In re Powell*), 567 B.R. 429, 434 (Bankr. N.D.N.Y. 2017). To meet the standard for willfulness, the Plaintiffs must show "a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) (emphasis in original).

  Maliciousness in this context is less well-defined but has generally been held to encompass "implied or constructive malice as well as actual malice." *Littlefield v. McGuffey (In re McGuffey),* 145 B.R. 582, 586 (Bankr. N.D. Ill.

8

1992). An act is malicious if it is "done in 'conscious disregard' of one's duties or without just cause or excuse." *Amundson v. Slaton (In re Slaton)*, 469 B.R. 814, 821 (Bankr. W.D. Wis. 2012) (*quoting In re Thirtyacre,* 36 F.3d 697, 700 (7th Cir.1994)).

The Plaintiffs have not produced evidence that Gee acted "in 'conscious disregard' of [his] duties or without just cause or excuse." *Slaton*, 469 B.R. at 821. A material issue of fact exists with regard to the section 523(a)(6) claim.

## CONCLUSION

There are genuine issues of material fact in dispute. Plaintiffs' summary judgment motion is denied.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated:  May 8, 2018

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge